UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

**UNITED STATES OF AMERICA,**

                         **Plaintiff,**                      05-CR-59A(Sr)

**v.**

**CHRISTOPHER J. THOMAS,**

                         **Defendant.**

_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #14.

## PRELIMINARY STATEMENT

The defendant, Christopher J. Thomas ("the defendant"), is charged, along with two co-defendants, Welton L. Miles and Cyrus Q. Benning, with conspiracy to possess cocaine base with intent to distribute, in violation of Title 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(A) and Title 21 U.S.C. § 846 (Count 3); possession with intent to distribute cocaine base, in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and Title 18 U.S.C. § 2 (Count 4); and possession of cocaine base in violation of Title 21 U.S.C. § 844(a) and Title 18 U.S.C. § 2 (Count 5). Dkt. #13.

The defendant has filed a motion seeking: (1) *Brady* material; (2) disclosure of the identity of informants; (3) FRE 403 and 404(b) materials; (4) Fed. R.

Crim. P. 12(b)(4) and 16 materials; (5) a bill of particulars; (6) review of government agents' personnel files; (7) preservation of evidence; (8) FRE 807 disclosures; (9) severance of his trial from that of the co-defendants; and (10) time to file additional motions. Dkt. #17. The government has filed a response to these requests. Dkt. #22. Each of these requests will be separately addressed herein. The defendant's motion for suppression of the evidence obtained from the female passenger in the Lincoln Navigator automobile will be addressed in a separate Report, Recommendation and Order. Dkt. #17.

## DISCUSSION AND ANALYSIS

*Brady/Jencks* Material

    The defendant seeks timely disclosure of all exculpatory and impeaching material in the prosecution's possession, custody or control or which is otherwise known to the prosecution, including the criminal histories of witnesses and any favorable treatment or inducements offered witnesses. Dkt. #17, pp. 4-8. The defendant also requests disclosure of *Jencks* material as set forth in 18 U.S.C. § 3500, at least 30 days in advance of trial. Dkt. #17, ¶ 41.

  The government responds that it is not in possession of any exculpatory or impeachment material within the definition of *Brady* but acknowledges its ongoing obligation. Dkt. #22, ¶ 15. The government agrees to provide information regarding criminal histories and favorable treatment or inducements offered to its witnesses no later than one week prior to the commencement of trial, at which time it will also

produce material in accordance with *Jencks*. Dkt. #22, ¶ ¶ 8, 9 & 16-17. As a result of these representations, the defendant's request for such materials is DENIED, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001), by making timely disclosure of those materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *Id*. at 146. The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use." *Id*. at 144. With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony. *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

Identity of Informants

The defendant seeks disclosure of the identity of any and all informants possessing information which may be material to the defendant's alleged guilt or innocence or who were present at any of the events which are described in the

indictment, as well as any government reports containing information received from any such informant. Dkt. #17, pp.9-11.

The government responds that the defendant has not demonstrated that disclosure of the identity of the informants is warranted and declines to make such disclosure voluntarily. Dkt. #22, ¶ 11.

In *United States v. Saa*, the Court of Appeals for the Second Circuit addressed this issue as follows:

> The leading Supreme Court case on this question, *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), holds that
>
>> [w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way.
>
> 353 U.S. at 60-61, 77 S.Ct. at 628. The Court explained that "no fixed rule with respect to disclosure is justifiable." *Id.* at 62, 77 S.Ct. at 628. What is required is "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* Whether non-disclosure is erroneous "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* See *Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).

> The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin. The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id.*, and therefore, his whereabouts should have been revealed to the defense if properly requested. But disclosure of the identify or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lila*, 699 F.2d at 105. As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged. In *Jimenez*, the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was upheld on the ground that the defendant had failed to show that the testimony of the informant "would have been of even marginal value to the defendant's case. 789 F.2d at 170."

859 F.2d 1067, 1073 (2d Cir. 1988); *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997). Since the defendant has not made a sufficient showing that any informant's potential testimony is material to his defense, this request is DENIED.

<u>FRE 403 & 404(b)</u>

The defendant seeks pre-trial disclosure of any evidence which the government will seek to proffer at trial and for the exclusion of any such proffered

evidence found to be inadmissible pursuant to Federal Rules of Evidence 403 and 404(b). Dkt. #17, pp.11-12.

The government responds that it has disclosed, by way of discovery, its intention to offer proof of other crimes, wrongs or acts for purposes of proving such matters as motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident pursuant to Rule 404(b) FRE as well as for proof of the existence of and participation in the overall conspiracy alleged in the indictment. Dkt. #22, ¶ 13. With respect to the use of such evidence as "impeachment material," the government states that such information will be provided as "*Jencks* material" consistent with its obligation to make such disclosures. Dkt. #22, ¶ 14.

Rule 404(b) only requires that "the prosecution. . . provide reasonable notice in advance of trial. . . of the *general* nature of any such evidence it intends to introduce at trial" (emphasis added). This has been done, and as a result, defendant's request on this issue is DENIED as moot. The issue of admissibility of such evidence, as raised in the defendant's request, pursuant to Rules 404(b) and 609 FRE is best left to the determination of the trial judge at the time of trial.

Fed. R. Crim. P. 12(b)(4)(B) & 16

The defendant requests discovery pursuant to Rule 12(b)(4)(B) and Rule 16 to the extent that the government has not already disclosed such information. Dkt.

#17, pp.12-17.  The defendant specifically requests: (1) search and seizure information; (2) intercepted communications; (3) his prior criminal history; (4) information regarding any identification proceeding; (5) reports of any examinations or tests; (6) any other written or recorded statements, documents or tangible evidence; and (7) a written summary of testimony that the government intends to use at trial pursuant to FRE 702, 703 or 705.  Dkt. #17, pp.12-17.

Without conceding that the information specifically requested is within the purview of Rule 16, the government responds that it has provided "all material presently within its possession that is within the purview of Rule 16 and in compliance with Rule 12(b)(4)(B) and believes that discovery is thereby complete."  Dkt. #22, ¶ 5.  The government states that "[a]ll written and recorded statements of defendants have been provided or will be provided, as well as the substance of any oral statements made by the defendant before and after arrest in response to interrogation by any person known to the defendant to be a Government agent."  Dkt. #22, ¶ 5.  The government also states that the "results and reports of physical and mental examinations and of scientific tests and experiments made in connection with the case have been made available to the defendants" and promises that "[i]f any further reports are forthcoming, they will be provided upon receipt by the government."  Dkt. #22, ¶ 6.  The government also states that it will comply with defendant's "request for expert testimony pursuant to Rule 16(a)(1)(G) of witnesses who will testify under Rules 702, 703 and 705 F.R.E."  Dkt. #22, ¶ 6.  The government states that it has made available all tangible objects obtained from the defendants and advises the defendant, in accordance with Rule

12(b)(4)(B), that such evidence will be used by the government against the defendant at trial.  Dkt. #22, ¶ 7.  Finally, the government agrees to provide defendant with his arrest record.  Dkt. #22, ¶ 8.

As a result of these representations by counsel for the government, the defendant's request for Rule 12(b)(4)(B) & 16(a)(1) materials is DENIED on the basis that it is moot.

Motion for a Bill of Particulars

The defendant moves pursuant to Fed. R. Crim. P. 7(f) for a bill of particulars setting forth, *inter alia*: (1) all known participants in the alleged conspiracy, the time period during which such individuals acted in furtherance of the alleged crimes, and the specific date, time and place of such actions; (2) any statements of persons that the government will allege to have been employees or agents of the defendant or his co-defendants; (3) the amount of alleged cocaine the defendant possessed in each count of the indictment, how he intended or did distribute the cocaine and to whom he distributed it; (4) whether any alleged cocaine was recovered by the government and the circumstances of such recovery.  Dkt. #17, pp.17-18.

The government responds that the Indictment is sufficient and that the demand for a Bill of Particulars is unwarranted given the volume of discovery provided in this case.  Dkt. #22, ¶ 18.

The defendant's request is DENIED. It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927). The charges in the Indictment and the affidavit in support of the Criminal Complaint, along with the search warrant, application and return; laboratory report; defendant Benning's statement to the Yorkshire Court; the redacted statement provided to Detective Dlugosz of the Lackawanna Police Department on December 9, 2004; and the redacted statement provided to Senior Investigator Mackney on December 10, 2004, among other discovery materials provided or to be provided by the government as aforesaid, clearly inform the defendant of the essential facts of the crime charged. As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose.

> "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, ____ U.S. ____, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also Bortnovsky*, 820 F.2d at 574. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990).

Review of Government Agents' Personnel Files

The defendant specifically requests that the government review the personnel files and records of any government agent or police witness for evidence of acts of dishonesty, false statements, mental or emotional disorder or instability, bias, prejudice, interest, corruption, physical or mental infirmity or lack of capacity. Dkt. #17, pp.18-19. The defendant seeks disclosure of such evidence to the defendant or, at a minimum, *in camera* review of such evidence by the Court. Dkt. #17, p.19.

The government responds that it is unaware of any such evidence and that the "disclosure of such information, if it exists, is predicated upon a showing of materiality by the defendant as a pre-condition to its disclosure." Dkt. #22, ¶ 12. The government states that any "ambiguities regarding disclosure should be resolved by the Court in camera." Dkt. #22, ¶ 12.

In accordance with *United States v. Kiszewski*, the government is ordered to review the personnel file of any government agent expected to testify at trial and to provide any material impeachment evidence to the district court for *in camera* review. 877 F.2d 210 (2d Cir. 1989).

Motion to Preserve Evidence

The defendant generally seeks to have all evidence "leading in any way to the investigation which led to this indictment" preserved. Dkt. #17, pp.19-20. This is an overly broad request for which there is no legal support. However, in the body of this

particular request, it appears that the defendant is specifically requesting preservation of all potential Rule 16 and *Jencks* materials. The express admonition of the Court of Appeals for the Second Circuit bears repeating in addressing this particular request of the defendant wherein the Court stated:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like. There simply is no longer any excuse for official ignorance regarding the mandate of the law. Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . . We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980).

Counsel for the government states that "[t]he government declines to provide statements and the identities of all persons interviewed and not intended to be called by the government as outside the requirement of Title 18 United States Code, Section 3500 and Rule 16 of the Federal Rules of Criminal Procedure" and asserts "regarding rough notes, no such basis exists at this time for providing the requested materials, if they exist," but states that the government "will endeavor to maintain such materials, if they exist." Dkt. #22, ¶ 9.

The government is hereby DIRECTED to maintain and preserve all materials that are known by the government to exist, that constitute potential *Jencks* and Fed. R. Crim. P. 16 material in this case.

FRE 807 – Disclosure of Residual Exception Statements

The defendant seeks disclosure of residual statements that the government might seek to introduce pursuant to FRE 807. Dkt. #17, pp.20-21.

The government responds that, should it intend to introduce such evidence, it will provide notice of its intention to rely upon FRE 807 at the time that the government files its pretrial memorandum. Dkt. #22, ¶ 33.

This request is DENIED on the basis that it is moot by reason of the requirements contained within Rule 807 of the FRE wherein it is specifically stated:

> However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

Severance

The defendant argues that the joinder of the first two counts of the indictment, which charge defendant Welton Miles (Count 1), and Cyrus Benning (Count 2), with possession of ammunition and rifle slugs, with the remaining three counts of the

-12-

indictment, which charge all three of the defendants with conspiracy to possess cocaine base with intent to distribute (Count 3), possession with intent to distribute cocaine base (Count 4), and possession of cocaine base (Count 5), would prejudice defendant Thomas because the alleged possession of ammunition by defendants Miles and Benning suggests a proclivity for violence which the jury may unfairly attribute to Thomas by virtue of Thomas' association with Miles and Benning.   Dkt. #17, p.24-25.

The government responds that the defendant has failed to demonstrate sufficient prejudice to outweigh the judicial economy of joinder.  Dkt. #22, pp.17-20.

> [W]hen defendants properly have been joined under Rule
> 8(b), a district court should grant a severance under Rule 14
> only if there is a serious risk that a joint trial would
> compromise a specific trial right of one of the defendants, or
> prevent the jury from making a reliable judgment about guilt
> or innocence.

*Zafiro v. United States*, 506 U.S. 534, 539 (1993).  When the charges against the defendants involve a common plan or scheme, the defendants who have been indicted together will normally be tried together.  *United States v. Matos-Peralta*, 691 F. Supp. 780, 789 (S.D.N.Y. 1988), *aff'd sub nom. United States v. Benitez*, 920 F.2d 1080 (2d Cir. 1990).  "The disposition of a motion for severance under Rule 14 is entrusted to the sound discretion of the trial court.  *See United States v. Nersesian*, 824 F.2d 1294, 1303 (2d Cir. 1987)."  *United States v. Matos-Peralta* at 788; *Opper v. United States*, 348 U.S. 84 (1954).

The defendant maintains a "heavy burden" in establishing a right to a severance. *United States v. Sotomayor*, 592 F.2d 1219, 1227 (2d Cir.), *cert. denied*, 442 U.S. 919 (1979). He must establish that he will be so severely prejudiced by a joint trial that he will in effect be denied a fair trial. *United States v. Persico*, 621 F. Supp. 842 (S.D.N.Y. 1985).

> The ultimate question is whether, under all the circumstances of the particular case, as a practical matter, it is within the capacity of the jurors to follow the court's admonitory instructions and accordingly to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements and conduct. In sum, can the jury keep separate the evidence that is relevant to each defendant and render a fair and impartial verdict as to him? If so, though the task be difficult, severance should not be granted.

*United States v. Kahaner*, 203 F. Supp. 78, 81-83 (S.D.N.Y. 1962); *aff'd*, 317 F.2d 459 (2d Cir.), *cert. denied*, 375 U.S. 836 (1963).

The charges against this defendant and his co-defendants in the Indictment are such that with appropriate instructions from the trial judge, a jury will be able to collate and appraise the independent evidence against the defendant solely on his acts, statements and conduct and thereby render a fair and impartial verdict as to him. Therefore, defendant's request for a severance is DENIED.

Request for Time to File Additional Motions

The defendant reserves his right to file additional motions and to supplement the current motion based upon information he has yet to receive. Dkt. #17,

pp.21 & 26.  The defendant specifically requests the right to move to suppress any statements attributable to the defendant should any such statements be disclosed by the government.  Dkt. #17, p.21.  The defendant's motion is GRANTED subject to the limitations set forth in his request.

Government's Reciprocal Fed. R. Crim. P. 16(b) Request

The government has requested that the defendant permit it to inspect and copy various books, records, documents, photos and other tangible objects, including reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant which the defendant intends to introduce as evidence in chief at the trial along with written summaries of expert witnesses' testimony that the defendant intends to use.   Dkt. #22, ¶ 34.  Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is GRANTED.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  See, e.g., *Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order**.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

/s/ H. Kenneth Schroeder, Jr.

**H. KENNETH SCHROEDER, JR.
United States Magistrate Judge**

**DATED:   Buffalo, New York
February 9, 2006**